# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

HAKIEM JORDAN DOBSON,

    Petitioner,

v.

A. HERNANDEZ,

    Respondent.

Case No. 3:23-cv-00133-SLG

## ORDER OF DISMISSAL

On June 20, 2023, self-represented petitioner Hakiem Jordan Dobson filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition").[1] When the petition was filed, Mr. Dobson was incarcerated in the Anchorage Correctional Complex East.[2] Mr. Dobson challenges the State of Alaska's time accounting of his sentence in *State of Alaska v. Dobson,* Case No. 3AN-17-08240CR.[3] Mr. Dobson asserts that he was sentenced in that case to 365 days, with 120 days suspended, and served that sentence from April 2018 to January 2019.[4] However, he asserts that the State's time and accounting sheet does not mention that time

---

[1] Docket 1.

[2] Docket 1.

[3] Docket 1 at 4. His petition cites 3AN-17-824CR, but a review of the state Courtview website indicates that the correct case number is as set forth above.

[4] Docket 1 at 1. He adds that the suspended sentence is set to expire on October 14, 2023.

he served. The Court takes judicial notice[5] of the state court docket for Case No. 3AN-17-08240CR. The docket indicates that the case was closed after Mr. Dobson pleaded guilty to one charge on February 22, 2018. According to the state court docket, on April 17, 2018, Mr. Dobson failed to report to jail.[6] There are no additional docket notes in that case, but a search of the state court records revealed multiple subsequent cases involving minor offenses and a recent criminal case, *State of Alaska v. Dobson,* Case No. 3HO-23-00120CR, was filed on March 31, 2023, and closed on July 12, 2023, after a guilty plea.[7] Mr. Dobson is now at a halfway house under supervised custody with a release date of December 9, 2023.[8]

## SCREENING REQUIREMENT

A court must "promptly examine" a habeas petition.[9] "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief

---

[5] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the docket records of the Alaska Trial Courts and the Alaska Appellate Courts, which may be accessed online at https://courts.alaska.gov/main/search-cases.htm. S*ee* also *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted).

[6] *State of Alaska v. Dobson*, Case No. 3AN-17-08240CR, Docket 04/17/2018 (Defendant Failed to Report to Jail).

[7] *State of Alaska v. Dobson*, Case No. 3HO-23-00120CR, Docket 07/12/2023 (Guilty Conviction After Guilty Plea).

[8] Visit www.vinelink.com for information on an inmate's current location and tentative release date.

[9] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts. *See*

Case No. 3:23-cv-00133-SLG, *Dobson v. Hernandez*
Order of Dismissal
Page 2 of 5
Case 3:23-cv-00133-SLG   Document 5   Filed 09/12/23   Page 2 of 5

in the district court, the judge must dismiss the petition."[10] Because a state court prisoner cannot challenge the State's time accounting in federal court unless and until all state court remedies have been fully exhausted, it plainly appears that Mr. Dobson is not entitled to relief, and his petition must be dismissed.

## DISCUSSION

Although Mr. Dobson brings his claims under 28 U.S.C. § 2241 ("Section 2241"), the Court construes the Petition as brought pursuant to 28 U.S.C. § 2254 ("Section 2254"), because that statute is the exclusive means by which a state prisoner in custody pursuant to a state court judgment can challenge his sentence in federal court.[11] Petitions filed under Section 2254 must meet strict procedural requirements, including proper exhaustion of state remedies before a petition may be filed in federal court.[12] To satisfy the exhaustion requirement, a habeas petitioner must have "fairly presented" his claim by describing both the federal legal theory and the operative facts on which each ground for relief is based to each appropriate state court for review, including a state supreme court with powers of

---

*also* Local Habeas Corpus Rule 1.1(c)(2) ("Except as otherwise specifically provided by statute, rule or order of the court… the Rules Governing Section 2254 Cases in the United States District Courts, apply to all petitions for habeas corpus relief filed in this court.").

[10] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts.

[11] *White v. Lambert,* 370 F.3d 1002, 1009-10 (9th Cir. 2004).

[12] 28 U.S.C. §§ 2254(b)(1), (c).

Case No. 3:23-cv-00133-SLG, *Dobson v. Hernandez*
Order of Dismissal
Page 3 of 5
Case 3:23-cv-00133-SLG   Document 5   Filed 09/12/23   Page 3 of 5

discretionary review.[13] In Alaska, this means that claims must first be presented to the Alaska Superior Court. If the petitioner disagrees with that result, the claim must then be raised to the Alaska Court of Appeals, and if he disagrees with that result, the claim must be raised in a petition for hearing to the Alaska Supreme Court.[14] This process also applies to post-conviction proceedings by the Alaska Superior Court and review of any post-conviction decision by the Alaska Court of Appeals and the Alaska Supreme Court.[15]

Mr. Dobson did not use the Court's form that would have required him to provide information about exhaustion[16], and he has not alleged any efforts to exhaust his claims in state court. Further, the state court dockets do not contain any record that he exhausted his remedies on this issue in state court. Therefore, the petition must be dismissed.

**IT IS THEREFORE ORDERED:**

1. The Petition at Docket 1 is **DISMISSED**.

2. All pending motions are **DENIED AS MOOT**.

---

[13] *See Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.").

[14] *See O'Sullivan v. Boerkel*, 526 U.S. 828, 845. In Alaska, a criminal defendant may request discretionary review by the Alaska Supreme Court. *See* Alaska Statutes §§ 22.05.010, 22.07.020, and 22.07.030; Alaska Rules of Appellate Procedure 215, 301, and 302.

[15] *See* 28 U.S.C. § 2254(c); see also *O'Sullivan*, 526 U.S. at 844-45. *See generally* Alaska R. Crim. P. 35.1.

[16] *See* D.Ak. HCR 2.1(a)(1) (requiring a petition for habeas corpus to be filed on the form approved and supplied by the Court).

Case No. 3:23-cv-00133-SLG, *Dobson v. Hernandez*
Order of Dismissal
Page 4 of 5
Case 3:23-cv-00133-SLG   Document 5   Filed 09/12/23   Page 4 of 5

3. The Clerk is directed to enter a Final Judgment and terminate this action.

4. A Certificate of Appealability shall not issue.[17]

DATED this 12th day of September 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[17] 28 U.S.C. §§ 2255(d), 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

Case No. 3:23-cv-00133-SLG, *Dobson v. Hernandez*
Order of Dismissal
Page 5 of 5
Case 3:23-cv-00133-SLG   Document 5   Filed 09/12/23   Page 5 of 5